# AFFIDAVIT
## *of*
### *Task Force Officer Daniel P. Banasik*
### *Missouri State Highway Patrol*
### *Drug Enforcement Administration*

I, Daniel P. Banasik, being first duly sworn, do depose and state that:

1. There is probable cause to believe that a white 2004 Dodge truck, bearing Missouri registration 8HR-242, and Vehicle Identification Number 1D7HA16D54J253286, (hereinafter, "**TARGET VEHICLE**"), registered to Melinda Hawkins, 1562 E. 559th Road, Brighton, Missouri, but being used by Eric McClanahan, is being used in violation of Title 21 U.S.C. § 846 and 841(a) (conspiracy to distribute controlled substances).

2. Your affiant further states that there is probable cause to believe that the installation of a mobile tracking device placed in or on the **TARGET VEHICLE**, and monitoring of the mobile tracking device, will lead to evidence of the aforementioned conspiracy to distribute controlled substances as well as the identification of individuals who are engaged in the commission of that and related crimes.

3. The source of your affiant's information and the grounds for his belief are as follows:

   a. I am a Sergeant with the Missouri State Highway Patrol (MSHP), currently deputized and assigned as a Task Force Officer (TFO) to the Drug Enforcement Administration's (DEA) Springfield, Missouri Resident Office Drug Task Force. I am an investigative or law enforcement officer of the United States within the meaning of Section of 2510(7) of Title 18, United States Code, and I am

1

empowered by law to conduct investigations and to make arrests and seizures for offenses enumerated in Section 2516 of Title 18, United States Code. Your affiant has been a sworn law enforcement officer for twenty-eight (28) years, the past twenty-three (23) years assigned to the Missouri State Highway Patrol's Narcotics Division. I have been affiliated with the Drug Enforcement Administration's Springfield, Missouri Resident Office for the past nineteen (19) years.

    b.    In early 2014, the Drug Enforcement Administration initiated an investigation concerning the methamphetamine distribution network of Eric McClanahan. During interviews conducted with two confidential sources they stated McClanahan has several vehicles at his disposal but is currently utilizing the **Target Vehicle** to conduct his drug related business. Furthermore, the confidential sources identified McClanahan's source of supply as a Hispanic male from the Kansas City area and indicated that McClanahan meets the source of supply at the casinos in Kansas City. Towards the end of October 2014, one of these confidential sources informed law enforcement that McClanahan was in Kansas City or was intending to travel to Kansas City to meet his source of supply.

    c.    On October 27, 2014, pursuant to a lookout your affiant had placed on McClanahan, Trooper Gary L. Cross of the Missouri State Highway Patrol Gaming Division informed your affiant that Eric M. McClanahan had just arrived at the Ameristar Casino in Kansas City, Missouri and checked into room 908. McClanahan was observed on the casino floor with a white female identified as Bonnie Amodio. Amodio is McClanahan's girlfriend who assists McClanahan with

2

his methamphetamine distribution. While McClanahan was at the casino he was observed with an unknown white male. This unknown white male later went to McClanahan's room. No additional guests were listed on McClanahan's room receipt.

    d.    McClanahan's use of the Target Vehicle was confirmed by surveillance camera recordings. Surveillance cameras at the Ameristar Casino recorded McClanahan arriving in the **Target Vehicle,** a white 2004 Dodge pickup bearing Missouri registration 8HR242 (VIN # 1D7HA16D54J253286), and parking the vehicle in the casino parking lot. The surveillance cameras were able to record the license plate of the vehicle.

    e.    Pursuant to information gleaned in this investigation, the Drug Enforcement Administration currently has an active Title III wire intercept on one of McClanahan's telephones, 417-241-5444. The intercepted communications and follow up investigation clearly indicate that McClanahan is involved in the distribution of methamphetamine. For example, on October 31, 2014, at 9:29 p.m., McClanahan's telephone received an incoming communication from 417-773-0685, a number associated with an unknown male. Based on my training and experience, I believe that in this phone call McClanahan and an unknown male are discussing the distribution of methamphetamine. The communication (as summarized by the officer monitoring the wire) stated -

BACKGROUND CONVERSATION PRIOR TO CALL WITH MCCLANAHAN:

Unknown Male 2: That looked like dope.

3

Case 6:14-sw-02124-DPR   Document 1-1   Filed 11/03/14   Page 3 of 7

Unknown Female: That is dope.
Unknown Male: Is it scrunched up?
Unknown Male 2: It's a whole gram-

COMMUNICATION WITH MCCLANAHAN:

McClanahan: Hello?
Unknown Male: Hey.
McClanahan: What's up?
Unknown Male: Nothing. What you doing?
McClanahan: Just uh, just left church.
Unknown Male: You just left church?
McClanahan: Yeah, I went to church and, uh, I had to, uh, beg for forgiveness.
Unknown Male: Had to re-, had to repent a little bit?
McClanahan: Yeah, I had to go repent you know.
Unknown Male: Do it twice for me too bud.
McClanahan: Yeah.
Unknown Male: I could use some.
McClanahan: They didn't forgive me. So, I left.
Unknown Male: Oh yeah?
McClanahan: Yeah. Hello?
Unknown Male: Umm.
McClanahan: Hey, are you at ol' boy's?
Unknown Male: Yeah, I'm out here at Razors' yeah.
McClanahan: Alright uh, (inaudible) I got, I got, I got one of those for ya.
Unknown Male: Okay.
McClanahan: If you want them.
Unknown Male: Just come by here.
McClanahan: Alright does he got cash?
Unknown Male: Uh, yeah (inaudible) yup.
McClanahan: Uh, alright, alright.
Unknown Male: I'm waitin' on (inaudible) .... Vince is on his way out here to bring me some money right now, too. So, he can pick us some up in town for me.
McClanahan: Okay.
Unknown Male: Alright.
McClanahan: I'm, uh, I'll be, I'll be out there.
UM: Okay.
McClanahan: I gotta, I gotta, hey, I gotta stop by Jimmy's.

    f.    This and other intercepted calls reveal that McClanahan meets with his distributors at either his residence or theirs to distribute methamphetamine.

g. Information indicating that McClanahan's source of supply is located in the Kansas City area was obtained through an intercepted communication over the court authorized Title III wiretap. On November 2, 2014, at 3:34 p.m., McClanahan's telephone placed an outgoing communication to 913-660-5455, a number with a Kansas City area code. Based on my training and experience, McClanahan is requesting a large quantity of methamphetamine from his source of supply. During the call, McClanahan mentions that he is going to send "Chad" up there, which I believe is a reference to sending an associate to the Kansas area to meet with the source of supply. The communication (as summarized by the officer monitoring the wire) stated –

Male: Hello.
McClanahan: Jinda (SP?)
Male: (Inaudible)
McClanahan: What's up?
Male: Not much man. (inaudible) They're calling me.
McClanahan: Okay, I got like treinta (30) right now and, uh, I'm gonna send Chad up there in just a little bit. I'm trying to get, uh, cuarenta (40).
Male: Okay, what time you think?
McClanahan: (Inaudible) He's waiting for his old, his old lady to get back, uh, Rolla from seeing her grandma. Soon as she gets back, uh, he's already got his bags, bags packed. He'll be on the way.
Male: Okay, I'll wait for you here.
McClanahan: Okay, man.
Male: Alright.
McClanahan: Later.

h. Based on the information set forth above, I believe that there is probable cause to believe that McClanahan is using the **TARGET VEHICLE** to commit violations of Title 21 U.S.C. § 846 and 841(a) (conspiracy to distribute controlled substances)

5

4. In order to track the movement of the **TARGET VEHICLE**, I seek to place a mobile tracking device in or on the **TARGET VEHICLE** while it is in the Western District of Missouri.

5. The ongoing investigation in this matter would be jeopardized if the target or others had knowledge of the tracker. Due to concerns about detection of officers when they install the tracking device, I am requesting that agents be permitted to install the device at any time of day or night. Furthermore, the batteries for the tracking device will need to be periodically maintained which will requiring removing the device, recharging or replacing the batteries, and reattaching the device within the 45 day period of the warrant. Due to the same concerns about detection, I am requesting that agents be permitted to remove and reattach the device at any time of day or night. It may also be necessary to enter the **TARGET VEHICLE** to effect the installation of the tracking device in a manner that will keep it from being easily detected.

6. In the event the Court grants this application, there will be periodic monitoring of the mobile tracking device during both daytime and nighttime hours for the next 45 days. In addition, the mobile tracking device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

7. Given the ongoing nature of this investigation, immediate notification of this warrant will have an adverse result. Accordingly, delayed notice of 30 days is requested under 18 U.S.C. § 3103a.

6

Case 6:14-sw-02124-DPR   Document 1-1   Filed 11/03/14   Page 6 of 7

8. Based on the same concerns that knowledge of the investigation would jeopardize its effectiveness, I request that this affidavit, the application for the warrant, and the warrant as well as any other related documents be sealed.

WHEREFORE, your affiant respectfully requests that the Court issue an order authorizing members of DEA Springfield Resident Office, or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a mobile tracking device in or on the **TARGET VEHICLE**; to surreptitiously enter the vehicle to effect said installation; and to monitor the signals from the tracking device for a period of time not to exceed 45 days following the issuance of the Court's order, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the subject vehicle leaves the Western District of Missouri, but remains within the United States.

_____
Daniel P. Banasik
Sergeant/Task Force Officer
Missouri State Highway Patrol
Drug Enforcement Administration

Subscribed and sworn to before me in my presence on this 3rd day of November, 2014.

_____
David P. Rush
United States Magistrate Judge